IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:06-cv-05093-RTD |
| | ) | |
| vs. | ) | |
| | ) | |
| NIU TECH L.L.C. | ) | |
| D/B/A/ THEUSEFUL.COM, | ) | |
| EMARKETRESEARCHGROUP.COM | ) | |
| EXCLUSIVEGIFTCARDS.COM, | ) | |
| ONLINEREWARDCENTER.COM, | ) | |
| ONLINEGIFTREWARDS.COM, | ) | |
| AMERICASTOPBRANDS.COM, | ) | |
| HOTGIFTZONE.COM, and | ) | |
| CONSUMERINCENTIVEPROMOTIONS.COM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO FILE CONSENT JUDGMENT AND PERMANENT INJUNCTION UNDER SEAL**

Plaintiff Wal-Mart Stores, Inc. ("Wal-Mart") and defendant Niu Tech L.L.C. d/b/a TheUseful.com ("The Useful") (collectively, the "Parties") respectfully submit this Memorandum of Law in support of the Parties' Joint Motion to File Consent Judgment and Permanent Injunction ("Consent Judgment") Under Seal pursuant to Section IV(B) of the Administrative Policies and Procedures Manual for Civil Filings adopted by this Court in General Order No. 36 (the "Joint Motion"). The Parties respectfully request that access to the Consent Judgment be limited to the Parties and their respective attorneys. The Parties further submit that good cause exists for the filing of the Consent Judgment under seal.

## INTRODUCTION

This lawsuit arises from Wal-Mart's allegations that the named defendants in the above-captioned lawsuit, engaged in, *inter alia*, trademark infringement, false association, false advertising, false designation of origin, false representation, dilution, unfair competition, deceptive practices under federal and state law, as well as breach of contract under state law. After extensive discussions, which discussions included the exchange of the Parties' confidential and proprietary information, the Parties mutually agreed to amicably resolve the instant lawsuit. To facilitate the resolution of this lawsuit, The Useful agreed to enter into a confidential settlement agreement (the "Settlement Agreement"). The Parties mutually stipulated to file the Consent Judgment under seal given that the express or implied terms of the Consent Judgment could be used by business competitors in this highly competitive business space to embarrass and/or annoy The Useful. Moreover, the Parties mutually agreed that public disclosure of the Consent Judgment could place The Useful at a significant competitive disadvantage.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(c) and Section IV(B) of this Court's Administrative Policies and Procedures Manual for Civil Filings, the Parties hereby make this Joint Motion requesting that the Court file documents under seal.

Under Federal Rule of Civil Procedure 26(c), a court may, upon good cause shown, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); see also Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir 1999) ("Because of liberal discovery and the potential for abuse, the federal rules 'confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree

of protection is required.'"). More specifically, Federal Rule of Civil Procedure 26(c)(7) states that a court may order that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7).

Similarly, though the courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that court records are not to be "used to gratify private spite or promote public scandal" or to serve as "sources of business information that might harm a litigant's competitive standing." Id.; see also Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1377 (8th Cir. 1990) (affirming district court's decision to seal file where sensitive information in the record could "stigmatize[] and humiliate[]" a party); Jochims v. Isuzu Motors, Ltd., 151 F.R.D. 338, 341 (S.D. Iowa 1993) (finding that certain documents should remain sealed post-trial due to "the potential risk to [the defendant's] competitive interests").[1]

In Nixon, the Supreme Court further asserted that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant

---

[1] Pursuant to the E-Government Act of 2002 ("EGA"), 107 P. L. 347 (2002), the Eastern District Court of Arkansas issued a general notice on April 1, 2003, announcing that all documents filed in civil actions will be posted to the Court's Internet website. The notice indicates that "sensitive information" should not be included in any document submitted to the Court. The notice states that: "Parties should exercise caution when filing documents that contain: a personal identifying number (e.g., a driver's license number); medical records (treatment and diagnosis); employment history; individual financial information; and proprietary or trade secret information." Documents to be filed with the Clerk's Office should be carefully examined for sensitive, private information and appropriate action should be taken to protect this information from electronic public access, when necessary. Upon information and belief, the Western District Court of Arkansas adheres to these same general principles.

facts and circumstances of the particular case." Nixon, 435 U.S. at 599; see also Webster Groves, 898 F.2d at 1376 ("When the common law right of access to judicial records is implicated, we give deference to the trial court rather than taking the approach of some circuits and recognizing a "strong presumption" favoring access). Accordingly, that the Parties have stipulated to seal the Consent Judgment, which stipulation is annexed to the Declaration of Homer Appleby ("Appleby Declaration") as Exhibit "A" (the "Stipulation"), is a highly relevant, if not dispositive, fact in this case in support of a decision to grant the Joint Motion.

Here, the Useful is an Internet marketing company that promotes products and services to the consuming public through third party affiliate networks and e-mail marketing companies. Appleby Declaration ¶ 4. If made generally available to the public, the Consent Judgment could place The Useful at a significant competitive disadvantage in the industry. Appleby Declaration ¶ 7. The public disclosure of the Consent Judgment would also embarrass The Useful in such a way that could undermine its ability to generate new business. Appleby Declaration ¶ 8. For example, public disclosure of the Consent Judgment would result in negative publicity to The Useful. Unlike advertising on traditional mediums such as print and television, any negative publicity or embarrassment concerning The Useful, an Internet marketing company, could be broadly disseminated and published by The Useful's rivals. Moreover, The Useful could be subjected to instantaneous public reactions on numerous Internet blogs and chat rooms. Appleby Declaration ¶ 9. It would be virtually impossible for The Useful to adequately defend against such embarrassment, annoyance and competitive disadvantage. Appleby Declaration ¶ 10.

Under these circumstances, entry of a protective order is a reasonable request that balances the Parties' needs to quickly resolve this litigation with The Useful's interest in maintaining the confidentiality of its business affairs. Absent a sealing provision, information

harmful to The Useful's business practices will become a matter of public record and immediately accessible.

## CONCLUSION

Based on the foregoing, the Parties respectfully request that their Joint Motion to File Consent Judgment and Permanent Injunction Under Seal be granted. A proposed order is attached to the Joint Motion.

Dated: October 19, 2006

_____
Homer Appleby
Vice President and General Counsel
Niu Tech LLC
6001 Broken Sound Parkway
Boca Raton, FL 33487
(561) 939-6904

_____
W. Asa Hutchinson III  Bar No. 2001115
Warner, Smith & Harris, PLC
J.B. Hunt NBC Tower
3333 Pinnacle Hills Parkway, Suite 220
Rogers, AR 72758
(479) 271-6041
Local Counsel for Plaintiff
Wal-Mart Stores, Inc.

_____
Franklin B. Molin, Esq.
Neil P. Kearney, Esq.
Kirkpatrick & Lockhart
Nicholson Graham LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500
Lead Counsel for Plaintiff
Wal-Mart Stores, Inc.